

UNITES STATES DISTRICT COURT
WESTERN DISTRICT
AUSTIN, TEXAS

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| Plaintiff. Pro Se | § | |
| V. | § | |
| TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKER'S COMPENSATION, INJURED EMPLOYEE COUNCIL, INJURED EMPLOYEE, | § § § | **A18CV0036RP** |
| Kent Sullivan, in his Capacity | § | |
| | § § § § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO HONORABLE JUDGE OF SAID COURT: Under Federal Rule of Civil Procedure 11, by signing below, I, Linda Baldwin, Plaintiff, Pro Se, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Now Comes, Plaintiff, Linda Baldwin, Pro Se with her Compliant against Kent Sullivan, Commissioner in his capacity by states as follows: On January 17, 2017, Ms. Baldwin was deprived of her civil rights under causes of action 42 U.S.C. § 1983 People under Color by an Appeal under number 162383 worker's compensation claim number 12-185641, date of injury as she requested help from the ombudsman program, Injured Employee Council. (See Exhibit A. 1,2,3,4 and 5).

Accordingly, the hearing officer, Carolyn Mobley, signed an order that the carrier is not liable for benefits to Ms. Baldwin because the claimant failed to file a claim within one year after her accident by stating in her narrative," that Ms. Baldwin case had already be adjudicated ignoring the causation evidence. Ms. Baldwin presented the evident in her employment records that she did fact file her claim with her employer Extended Stay America/HVM.
(See Exhibit B).

On January 17, 2017 Ms. Baldwin Plaintiff found her Appeal untimely as she requested help under the Ombudsman program under appeal number 162383 and worker's compensation number 12-185641-03-A1. (See Exhibit C).

*Background*

On February 9, 2012 Plaintiff, Linda Baldwin, filed a form with the Division of Worker's Compensation under from 041 as Dr. Ryan Shock MD., as her treating physician and approved by the Carrier Zurich American Insurance Company under claim number 12185641 for date of injury 8/18/2006. (See *Exhibit* D).

On or about December 12, 2011, Dr. Ryan Shock performed an endoscopic gastrocnemius recession surgery of the left foot on Ms. Baldwin. (See Exhibit E pages 1 and 2).

On November 13, 2011, Ms. Baldwin, Plaintiff sent an e-mailed and expressed her concern to Mr. Brian White, Deputy Attorney Chief of the Office of Injured Employee Council several years ago how she has been mistreated and ignored and discriminated against under the Ombudsman program by this Division. On or about November 210, Ms. Baldwin, Plaintiff signed an agreement with the Injured Employee Council to assist her on two of her Worker's Compensation Claims numbers 08-103562 and 11-148351 but was denied fair treatment. (See Exhibit F, pages 1,2 and 3).

On December 15, 2011, Ms. Baldwin, Plaintiff received a letter from Mr. Brain White Deputy Public Counsel/ Chief of Staff in his last paragraph that stats Ms. Schar-Gerena, ombudsman will continue to assist Ms. Baldwin, Plaintiff in her January 2012 upcoming worker's compensation hearing after Ms. Baldwin filed so many complaints against Ms. Schar-Gerena. (See Exhibit G).

*Violation of the Privacy Act.*

On Mach 13, 2012, Ms. Baldwin, Plaintiff received a letter from the Defendant, Elaine Chaney, Director and in her response a letter RE: Agency Complaint No. 12-030, stating in her first paragraph that Ms. Baldwin medical records was sent to her via regular mail after Ms. Baldwin complain about never receiving her medical records from the Division. (See Exhibit H.). Afterwards, Ms. Baldwin, Plaintiff filed a complaint with Senator Ogden, office that Ms. Schar-Gerena, Ombudsman sent her medical records to her without a confirmation number along attached her employment records violating privacy act. (See Exhibit H).

Accordingly, Ms. Baldwin never received her medical records along with her employment records. The evident that she needed to verify she did in fact filed her medical

3

documentation with her former Employer Extended Stay America/ HVM within under Texas labor Code 30 days of her injuries.

On June 14, 2012, a Contested Case Hearing was held to resolve a dispute between both parties Linda Baldwin, Claimant vs. Zurich American Insurance Company, Carrier but accordingly, Ms. Pricilla Schar- Gerena, Ombudsman was a no-show at the hearing.
On the same day Cristian Becerio, Hearing Officer tried to coerces Ms. Baldwin, into signing a document that she did not agree with under section of the Texas labor code, 409.041, and commissioner Rule 125.3, and that Ms. Baldwin had elected not to meet with an Ombudsman prior to this meeting. (See Exhibit I, pages 1, 2).

On June 22, 2012, Ms. Cristine Beceiro, hearing officer, filed an Order denying Ms. Baldwin, Plaintiff medical benefits for the compensable injury in accordance with section 408.021 under claim number 08-103562 and 11-148351, (See Exhibit H). In which, Ms. Cristine Beceiro, hearing officer totally ignored Ms. Baldwin testimony and evident –of how she reported her injuries to her former employer within 30 days according to the Texas Labor Code. In which Ms. Baldwin had attached her medial documentation and employment records at the hearing.

In Guevara v. Ferrar, 247. S.W. 3d 662 (Tex. 2207) as it relates to causation evidence, the hearing officer should not ignore the weight of evidence in its entirety and focus solely on a single piece of evidence in reaching an opinion whether Ms. Baldwin has met her causation solely on burden of her medical documentation, medical opinions and employment records in which the hearing officer failed to do so. (See Exhibit J pages 1,2 and 3).

On January 12, 2012, a letter was sent to the Attorney General's office expressing the mistreatment under the ombudsman program. Ms. Baldwin never received a response from

4

Gregg Abbott, Attorney General Office why she was denied the quality care by the Division of Worker's Compensation, Injured Employee Council. (See Exhibit I).

## JURIDITION AND VENUE

Plaintiff brings this action under the American with Disability Act, 42 U.S.C § 12101 *et seq.* ("ADA") Section 504 of the Rehabilitation Act of 1973, as amended, as 29 U.S.C. § 794 (the "Rehabilitation Act"), and the Person with Disability Civil Rights Act, M.C.L. § 37.1101, et seq. ("PDCRA"). This Court has jurisdiction pursuant to the following statues: 28 U.SC. § 1331, which gives district courts original jurisdiction over civil action arising under the constitution, law or treaties if the United States; 28 U.S.C § 1343 (3) and (4), which gives district court jurisdiction over secure rights extended by the Unites States government; 28 U.S.C § 1367, which gives the district court supplemental Jurisdiction over states claims.

states that a case must have an "amount-in-controversy" of $75,000 or more before a federal court can hear a case in which 28 U.S.C. § 1332

Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the Event that gave to this Complaint occurred in this district.

## PARTIES

Plaintiff is a citizen of the Unites States and reside in the County of Broward County, State of Florida at 2301 North West 11th Court, Pompano Beach, Florida 33069

The Defendant, Kent Sullivan, Commissioners is a resident of sounding area of Travis County, Texas which can be served at The Attorney General, Ken Paxton 300 W 15th Street, Austin, TX 78701,

5

## COMMISSIONER

1. The Defendant, Sullivan is the Commissioner of providing the Administration under the Texas Department of Insurance in the Division of Workers Compensation, Injured Employee Council and Hearing Department providing programs and/or receiving Federal financial assistance acting under color of state and federal Laws.

2. The Texas Department of Insurance, Division of Workers' Compensation (TDI-DWC) is a state agency that regulates the delivery of workers' compensation benefits to injured employees and to eligible family members of employees killed on the job. The TDI-DWC also helps resolve disputes about claims and provides workplace safety and health services.

3. The Office of Injured Employee Counsel (OIEC) which the commissioner administrate and administer of is the state agency created to advocate for the injured employees of Texas. Office of Injured Employee Council (OIEC) assists injured employees by: educating and providing general assistance to injured employees regarding the workers' compensation system; providing an ombudsman once a dispute proceeding has been scheduled to assist the injured employee throughout the dispute process; referring injured employees complaints to the appropriate entities and licensing boards; and providing injured employee referrals to other local, state and federal agencies, including the Department of Assistive & Rehabilitative Services (DARS), as appropriate.

## FACTS

4. Titled II of the ADA, found at 42 U.S.C §§ 12131-12134, extend to state and local governments the non-discrimination provision of the Rehabilitation Act. It required that their services, programs and activities of the states and local government be administered in the most integrated setting appropriates to the needs of qualified individuals with disabilities.

5. Plaintiff is a 63-year-old need of via medical service a woman with following needs for long term care. Plaintiff sustained her injuries from her former employer Extended Stay America/ HVM from a repetitive motion over a long period of time," injury consisting of plantar fasciitis of the left foot, a sprain of the left ankle and left anterior talo fibular ligament, osteoarthritis of the left knee and left lower extremity, left knee crepitus, left shoulder impingement syndrome, osteoarthritis of the left forearm and radiocapitellar joint of the right elbow.

6. Plaintiff was entitled to receive an appeal and assistant under the ombudsman program without being deprived of rights, harassment, and humiliation and discriminated against in which Ms. Baldwin Plaintiff should have received.

7. Ms. Baldwin, Plaintiff meet the essential needs of the requirement because she was not represented by Attorney.

8. On or about Fall of 2008, Plaintiff applied for those services to be a participant in Defendant program but was denied Assistant under the Ombudsman program under claim number 08-103562 and 11-148351 and to have her appeal heard under claim number 12-185641 but was denied those services.

## COUNT 1
### VIOLATION OF 42 U.S.C § 1983

10. Plaintiff incorporate and restates each of the above paragraphs as if full set forth herein.

11. Defendant has deprived Plaintiff of her federal constitution and statutory rights by failing and refusing to service to help her with medical needs.

12. Defendant has acted under color of state law when Defendant deprived Plaintiff of

her federal rights, property interest and otherwise discriminate against Ms. Baldwin, based on her disability.

13 As a direct and proximate result of Defendant violation of 42 U.S.C. § 1983, Plaintiff sustained damages such as mental anguish in the pass and mental anguish in the future in which the Defendant has prolong Ms. Baldwin, Plaintiff medical treatment.

COUNT II
DISCRIMINATION BASED ON DISABILITY
(Titled II of ADA)

14. Plaintiff incorporates and restates each of the paragraphs as if fully set forth herein.

15. Plaintiff is a qualified individual with disability' as defined in 42 U.SC. § 12131 (2).

16. The ADA and its implementing regulation requires that the Alternative Services be made available in the Communities that meet the needs of qualified individuals with disabilities, such as Plaintiff.

17. Plaintiff, Linda Baldwin has been denied and excluded from the benefits of Defendant program services which would provide Plaintiff a less confining program that satisfies Plaintiff needs.

18. As a result of Defendant denial and exclusion of Plaintiff from the Program and services, Defendant violated the ADA by discriminating against Plaintiff, Linda Baldwin in numbers of ways, including without limitation, the following:

(a). By reason of Plaintiff disabilities, age and for need long term medical care, and services. See Townsend v. Quasim 328 F3d 511 (9th Cir. 2003).

(b). Defendant administration of the Program limits the availability of Program Services base on the needs of Ms. Baldwin, Plaintiff disability and

(c). Denying Plaintiff, the equal opportunity to receive the benefits of Defendant programs that are available to others qualified individuals.

19. Defendant by failure to administered the services, program and activities violated the Olmstead ruling by the undue by failure to administer the services, programs in setting most appropriate to the needs of Plaintiff.

20. As a direct a proximate result of Defendant unlawful discrimination, Plaintiff sustained damages such as mental anguish in the pass and mental anguish in the future in which the Defendant has prolong Ms. Baldwin, Plaintiff medical treatments.

## COUNT III
## DISCRIMINATION BASED ON DISABILITY (PDCRA)

21. Plaintiff incorporates and restates each of the above paragraphs as if the as if fully set Forth herein.

22. Plaintiff's development disabilities that substantial limits on or more major life activities unrelated to her ability to utilize and benefits from a place of public accommodation or public services, constitute a disability to utilize and benefits from the place of public accommodation or public services, constitute a disability by and within the meaning of the PDCRA, M.C.L. § 37.1103 (d).

23. Defendant violated the PDCRA, M.C.L. § 37.1103, by discriminating against Ms. Baldwin upon her application to be a participate in the program in a number of ways including, without limitation, by prolonging and denying the Plaintiff, Linda Baldwin the full and equal enjoyment of goods and services, facilities, privileges, advantage, and accommodation of a public services because of the use by Plaintiff Linda Baldwin M.C.L. § 37.1103.

24. Plaintiff's disability was determined factor in Defendant decision to deny and preclude Plaintiff from being a participant in the program.

9

25. As a direct and proximate result of Defendant unlawful discrimination, Plaintiff, Linda Baldwin has sustained injuries and damages Plaintiff sustained damages such as mental anguish in the pass and mental anguish in the future in which the Defendant has prolonged Ms. Baldwin, Plaintiff medical treatment.

WHEREFORE, Plaintiff prays that this Court enter Judgement against Defendant providing relief under Causes of action 42 U.S. C. 1983 People of Color and ADA Accommodation.

26. Plaintiff also prays that Commissioners Sullivan will strengthen amend its policies with zero tolerance concerning prejudice, ADA accommodation and retaliation through his division.

(a). compensable damages in whatever amount in excessive of $ 75, 00.00;

(b). punitive/exemplary damages against Defendant in whatever amount, exclusive of the cost and interest, that Plaintiff in found be entitle;

(c). an order placing Plaintiff in the position the she would have been in had there been no violation of her rights;

(d). an order enjoining/restraining Defendant from further acts of discrimination or retaliation;

(e). an award of interest cost, and reasonable attorney fees;

(f). any and all other remedies provided pursuant to 42 U.S. C. § 1983, the Federal Medicare regulation, the ADA, the Rehabilitation Act and the PDCRA;

(g). take other appropriate nondiscriminatory measures to overcome the above described discrimination; and

(h). such other further relief as the Court deems appropriates.

Respectfully Submitted,
Linda Baldwin
2301 N. W. 11th Court
Pompano Beach, Florida 33069

Case 1:18-cv-00036-RP   Document 1   Filed 01/17/18   Page 11 of 12

## CERTIFICATE OF SERVICE

I, Linda Baldwin, hereby certify that on this, January 13, 2017, I served a true and correct copy of, via certified mail, return receipt requested, as follows

Kent Sullivan, Commissioner
Texas Department of Insurance
300 W. 15th Street
Austin, Texas

Respectfully submitted,
Linda Baldwin
2301 N. W. 15th Street
Pompano Beach , Florida 33069