**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-00036-RP |
| | § | |
| KENT SULLIVAN, in his official | § | |
| capacity as the Commissioner of | § | |
| the Texas Department of | § | |
| Insurance, *et al.*, | § | |
| *Defendants*. | § | |

---

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED ORIGINAL PETITION

Defendant Kent Sullivan, in his official capacity as the Commissioner of the Texas Department of Insurance, files this Motion to Dismiss Plaintiff's Amended Original Petition (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.   INTRODUCTION

This case is the most recent in a long series of lawsuits filed by Plaintiff Linda Baldwin arising from the same set of facts.[1] In the instant suit, Baldwin brings three separate causes of action against Commissioner Sullivan: (1) claims under § 1983, (2) claims under Title II of the ADA, and (3) claims for discrimination under the

---

[1] As previously detailed by this Court, these suits date back to 2013. *See Baldwin v. Zurich Am. Ins. Co.*, No. 1:17-CV-149-RP, 2017 WL 2963515, at *4 (W.D. Tex. July 11, 2017). It is appropriate for a court to take judicial notice of public records when considering a motion to dismiss. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (recognizing judicial notice as appropriate means to prove up filings in another court, "to establish the fact of such litigation and related filings").

Michigan Persons with Disabilities Civil Rights Act. *See* Amended Plaintiff's Original Petition at ¶¶ 10–25 (Feb. 21, 2018), ECF No. 6. Each claim fails for multiple factual and legal reasons.

First, as with many claims against state officials acting in their official capacity, Baldwin's § 1983 and ADA claims against Commissioner Sullivan are barred by sovereign immunity. These claims further fail because Baldwin never identifies any past or ongoing violation of federal law, any fundamental right she has been deprived of, or any program or service she has been denied access to. Next, it is axiomatic that Baldwin cannot bring a claim under Michigan law against the Commissioner of the Texas Department of Insurance for alleged activities in Texas. And finally, Baldwin's claims fail for the simplest of reasons—she cannot establish any connection whatsoever between Commissioner Sullivan (or any past Commissioner) and any alleged wrongdoing or harm.

## II.    PARTIES TO THE SUIT

As a threshold matter, there are discrepancies in the caption and body of the Complaint regarding the identity of the parties to this suit. Baldwin lists herself, Commissioner Sullivan, and the Office of Injured Employee Counsel ("OIEC") as parties in the body of her Complaint. Doc. 6 at pp. 5–6.[2]  The caption, though confusing and containing misnomers, also refers to the "Texas Department of Insurance, Division of Worker's Compensation." Doc. 6 at p. 1.

In such instances, the body of the Complaint is controlling. *See Abecassis v.*

---

[2] The Complaint contains both pages with numbered paragraphs and pages without. Defendant will cite to specifically numbered paragraphs when possible, and page numbers when not.

*Wyatt,* 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) ("Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties."); *Gartin v. Par Pharm. Companies, Inc.*, 561 F. Supp. 2d 670, 678–79 (E.D. Tex. 2007) ("[T]he caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction.") (quoting 5A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1321 at 388–93).

Here, as the body of the Baldwin's Complaint only lists Commissioner Sullivan and OIEC, they are the only defendants named in this suit.[3] Nevertheless, as any conceivable connection Commissioner Sullivan could have to the instant case is through either the Texas Department of Insurance ("TDI") or the Division of Worker's Compensation ("DWC"), they are discussed in this Motion. And as explained below in Section V, Subpart D, any pleading amendment to assert claims against TDI or DWC would be futile.

## III.    BACKGROUND

Plaintiff Linda Baldwin suffered an injury in 2006 while employed as a Guest Service Registration Attendant by Extended Stay America. Doc. 6-1 at pp. 2, 3, 12. Defendant Kent Sullivan is the current Commissioner of the Texas Department of Insurance. *See* TEX. INS. CODE § 31.021 ("The commissioner is the department's chief

---

[3] OIEC is a separate governmental entity independent of TDI or DWC, *see* TEX. LABOR CODE § 404.002(b), and has not been served in this case. Should OIEC be served, it would be represented by separate counsel.

executive and administrative officer.").[4] Among other things, the Department of Insurance regulates the business of insurance in Texas and administers a workers' compensation system. *Id*. at § 31.022.

Baldwin's allegations concerning the time period after her 2006 injury are unclear. But the extent of any interaction with TDI, DWC, and/or Commissioner Sullivan can be established through the documentary evidence either referenced by or attached to the Complaint.[5]

Baldwin participated as a party in two separate contested case hearings with DWC. Doc. 6 at pp. 2, 4; Doc. 6-1 at pp. 8, 10, 28. The insurance carrier in each was Zurich American Insurance Company ("Zurich"). *Id*. The first contested case hearing was held on June 14, 2012, and was a combined hearing of two docket numbers. Ex. A at p. 23. Baldwin appeared without representation. *Id*. at p. 24. A DWC hearing officer issued a decision and order on June 22, 2012 for the combined docket numbers, *id*. at p. 29, and on September 4, 2012, the DWC Appeals Panel issued separate opinions affirming the hearing officer's decision and order, *id*. at pp. 4, 7, 10. The second contested case hearing was held on October 19, 2016, and Baldwin appeared by phone and was assisted by an ombudsman. Ex. B at pp. 3–4. The hearing officer

---

[4] Sullivan was appointed by Gov. Greg Abbott on September 21, 2017. While Sullivan was not Commissioner during the time period underlying the Complaint, in this litigation he automatically assumes the role of any previous commissioner. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[5] On a Rule 12(b)(6) motion, a court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Baldwin attaches to her Complaint excerpts from the decisions of the DWC hearing officer and Appeals Panel. Doc. 6-1 at pp. 8, 10, 28. Therefore, Defendant attaches the full documents, included any related mailings to Baldwin, for the June 14, 2012, and October 19, 2016 hearings as Exhibits A and B respectively.

issued a decision and order that same day. *Id.* at p. 6. On January 17, 2018, the DWC appeals panel issued a letter opinion affirming the hearing officer's October 19, 2017 decision. *Id.* at p. 1. Baldwin was informed of her right to seek judicial review of each Appeals Panel decision, *see* Doc. 6-1 at p. 10; Ex. A at pp. 4, 7, 10; Ex. B at p. 1, but did not do so.

The Complaint does not allege, and the referenced documents do not reveal, that Commissioner Sullivan has any connection to the instant suit other than his role as the current Commissioner of the Texas Department of Insurance.

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). This requires, among other things, that a plaintiff have standing to assert its claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Dismissal under Rule 12(b)(6) is proper when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* The court views all well-pleaded facts in the light most favorable to the plaintiff, *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004), but it need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions," *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citations and quotation marks omitted).

## V.    ARGUMENT AND AUTHORITIES

Even under the less stringent pro se pleading standards, the allegations in Baldwin's Complaint are mostly indecipherable and present only "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Her claims should be dismissed in their entirety under Rule 12(b)(6) on that basis alone. They also fail for the additional reasons discussed below.[6]

### A.    Count One: Baldwin's Section 1983 claim should be dismissed.

Baldwin asserts a claim under 42 U.S.C. § 1983 alleging that "Defendant has deprived Plaintiff of her federal constitution and statutory rights by failing and refusing to service to help [sic] her with medical needs." Doc. 6 at ¶ 11. Under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), this claim should be dismissed.

---

[6] In addition to the three counts discussed, Baldwin references a "violation of the privacy act." Doc. 6 at p. 3. It is unclear whether she is actually asserting this claim. Regardless, it does not appear to be a claim directed at Commissioner Sullivan, as all of the facts referenced relate to OIEC. *See id.*; Doc. 6-1 at p. 23.

1.    <u>The Court lacks subject matter jurisdiction over Baldwin's Section 1983</u>
      <u>claim against Commissioner Sullivan in his official capacity.</u>

This Court lacks subject-matter jurisdiction over Baldwin's § 1983 claim because Commissioner Sullivan has Eleventh Amendment immunity from suit. Absent a waiver of immunity, the Eleventh Amendment bars citizens from bringing suit against their own states in federal court, regardless of the nature of the remedy sought. *See*, *e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). Eleventh Amendment immunity extends to state officials who are sued for damages in their official capacities because such a suit is actually one against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Hafer*, 502 U.S. at 25. Here, Baldwin sued Commissioner Sullivan in his official capacity for damages under § 1983. Doc. 6 at ¶ 13. This is a claim that Eleventh Amendment immunity precludes.

Nor does the limited *Ex parte Young* exception provide any purchase for Baldwin's claims. *See generally Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a plaintiff seeking prospective declaratory or injunctive relief based on an ongoing violation of federal law may sue a state officer in his official capacity. *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992); *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986). A plaintiff may not use the doctrine to adjudicate the legality of past conduct. *Papasan*, 478 U.S. at 277–78; *see also Edelman v. Jordan*, 415 U.S. 651, 666–69, 677 (discussing that retroactive relief is barred by the Eleventh Amendment). If a suit falls outside of the *Ex parte Young* exception and the plaintiff cannot demonstrate that the state has otherwise waived its immunity, the plaintiff's claims are barred. *Id.*

Here, Baldwin lacks an ongoing violation of federal law. In her prayer, Baldwin makes an unsubstantiated and conclusory request that Commissioner Sullivan "strengthen amend [sic] its policies with zero tolerance concerning prejudice, ADA accommodation and retaliation through his division." Doc. 6 at ¶ 26. But she never identifies how Sullivan (or TDI) first violated federal law, how any TDI/DWC polices are discriminatory or retaliatory (they are not), or how any such violation is ongoing.

Important to the analysis of whether Baldwin pled an *ongoing* violation of federal law is whether she pled *any* violation of federal law. Here, DWC adjudicated her claims in 2012 and 2016-17. Baldwin does not identify what "federal right [or] property interest," *see* Doc. 6 at ¶ 12, she was purportedly deprived of by Commissioner Sullivan or TDI during this process. She participated in both contested case hearings. She was informed of her right to judicially appeal the result of any DWC decision, and her deadline to do so has long passed. *See* Tex. Labor Code § 410.252. And under Texas law, worker's compensation benefits are not a vested property right. *See Wilson v. Tex. Workers' Comp. Comm'n*, No. 12–01–00337–CV, 2003 WL 22681793, at *6 (Tex. App.—Tyler Nov. 13, 2003, no pet.) (mem. op.) (holding TWC had immunity from § 1983 claim and that appellant did not have a vested property right in additional workers' compensation benefits); *Layton v. City of Fort Worth*, 02-14-00084-CV, 2014 WL 6997350, at *5 (Tex. App.—Fort Worth Dec. 11, 2014, pet. denied) (mem op.) (no vested property right, subject to due process protections, in disability benefits received under retirement fund).

Baldwin's failure to identify a past violation of federal law necessarily means that she does not complain of an ongoing violation of federal law. Without such, Eleventh Amendment bars her suit against Commissioner Sullivan, and her § 1983 claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.[7]

2.    Baldwin fails to state a valid Section 1983 claim.

Further, Baldwin's Complaint provides no articulable factual basis to support a viable § 1983 claim. Dismissal is thus appropriate under Rule 12(b)(6).

As discussed above, Baldwin fails to identify what conduct, if any, of Commissioner Sullivan or TDI violated her constitutional rights. The documents attached to her petition establish that DWC merely held contested case hearings, to which she and Zurich were parties, and rendered a decision. Such action is wholly within DWC's statutory authority. TEX. LABOR CODE § 410.168. And executive-branch officials (such as the hearing officers) acting in an adjudicative process are absolutely immune to suit. *Butz v. Economou*, 438 U.S. 478, 512 (1978); *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 639 (5th Cir. 2000).

Moreover, even if she could state a viable claim against TDI or DWC based on the contested case hearings (she cannot), her claims against Commissioner Sullivan would still fail—as conclusory claims that the commissioner of a major state agency is liable because a subordinate employee allegedly violated a plaintiff's constitutional rights are insufficient to state a § 1983 claim as a matter of law. *See Southard v.*

---

[7] *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (because sovereign immunity deprives the court of jurisdiction, claims barred by sovereign immunity are to be dismissed under Rule 12(b)(1)).

*Texas Bd. of Criminal Justice*, 114 F.3d 539, 552 (5th Cir. 1997) (rejecting claim against the director of the TDCJ–ID and stating a "supervisor cannot be held liable under section 1983 on the basis of respondeat superior"). Baldwin does not allege that Sullivan or any prior Commissioner of the Texas Department of Insurance had any personal dealings with either herself or the adjudication of her contested case hearings. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (per curiam) (where there is no personal involvement, there can be no liability on the part of a supervisor for that of a subordinate); *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999) ("It is not enough to allege that government officials with no direct contact with a plaintiff are responsible for acts of their subordinates.").

In short, Baldwin has not alleged sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Her § 1983 claim should therefore be dismissed.

## B.    Count Two: Baldwin's ADA claim should be dismissed.

Baldwin next alleges discrimination under Title II of the Americans with Disabilities Act ("ADA"). Title II of the ADA focuses on disability discrimination in the provision of public services. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Specifically, Title II, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." As with her § 1983

claim, Baldwin's ADA claim should be dismissed under both FED. R. CIV. P. 12(b)(1) and 12(b)(6).

1.    <u>The Court lacks subject matter jurisdiction over Baldwin's ADA claim against Commissioner Sullivan in his official capacity.</u>

Eleventh Amendment immunity also jurisdictionally bars Baldwin's claims pursuant to Title II of the ADA. The Supreme Court has held that the abrogation of sovereign immunity in Title II is a valid exercise of congressional power only to the extent that it "applies to the class of cases implicating the fundamental right of access to court," *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004), and "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment," *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original).

Accordingly, courts examine the following elements on a claim-by-claim basis to determine whether Congress has appropriately abrogated a state's immunity from a Title II claim:

> (1) which aspects of the State's alleged conduct violated Title II;
>
> (2) to what extent such conduct also violated the Fourteenth Amendment; and
>
> (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.*; *see also Hale v. King*, 642 F.3d 492, 497–98 (5th Cir. 2011) (applying the three-part *Georgia* test to determine whether a Title II claim was barred by sovereign immunity).

No exception to immunity is found here. First, no conduct by Commissioner Sullivan or TDI implicates Baldwin's right of access to the courts. As previously noted, this is a right that Baldwin has repeatedly exercised regarding the underlying set of facts in this case. And Baldwin was informed of her right to judicial review of her contested case hearings. *See* Doc. 6-1 at p. 10; Ex. A at pp. 4, 7, 10; Ex. B at p. 1.

Nor can Baldwin identify any conduct that would violate either Title II or the Fourteenth Amendment. *See Duncan v. Univ. of Texas Health Sci. Ctr. at Houston*, 469 F. App'x. 364, 367–68 (5th Cir. 2012) (mem op.) ("[I]f the conduct offends neither Title II nor the Constitution, then the suit must fail."). While her allegations are unclear, at best, Baldwin merely appears to complain that she was denied worker's compensation benefits. But as previously discussed, no constitutional right to such benefits exists, and Baldwin was given all due process required.

Thus, Title II of the ADA does not validly abrogate sovereign immunity from Baldwin's claims. *See Simmang v. Tex. Bd. of Law Examiners*, 346 F. Supp. 2d 874, 882–83 (W.D. Tex. 2004) (concluding that because the challenged action did not affect a fundamental right but rather disability discrimination, the accommodation obligation imposed by Title II exceeded that imposed by the constitution and did not abrogate sovereign immunity); *Baker v. University Health Science Center Houston*, No. H-08-1908, 2011 WL 1549263, at *4 (holding that Title II did not validly abrogate sovereign immunity); *Zaragosa v. Dallas County*, No. 3:07-CV-1704-K, 2009 WL 2030436, at *12 (N.D. Tex. July 13, 2009) (holding that because the plaintiff had not demonstrated any violation of his constitutional rights, the ADA could not abrogate

sovereign immunity); *Sims v. Tex. Dep't of Housing and Cmty. Affairs*, No. H-07-4511, 2008 WL 4552784, at *1 (S.D. Tex. Oct. 7, 2008) (holding that Title II did not validly abrogate sovereign immunity).

  2. <u>Baldwin fails to state a ADA claim.</u>

  Baldwin's ADA claim additionally fails under a Rule 12(b)(6) analysis. To state a prima facie case under Title II of the ADA, a plaintiff must allege:

> (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of her disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004).

  Assuming *arguendo* Baldwin is a qualified individual with a disability under the ADA, she does not identify what specific benefits or services she has purportedly been denied (or been denied because of a disability). Instead, she merely references "Defendant program services" or the "Program" generally. Doc. 6 at ¶¶ 17–18. To the extent this could refer to the DWC dispute resolution process, she availed herself to those services, and her ADA claim is belied by her own admission. Doc. 6 at pp. 2, 4. To the extent it refers to OIEC's Ombudsman program, *see* Doc. 6 at ¶¶ 6–8, her ADA claim is only directed at OIEC.

  Therefore, under either possible interpretation of her Complaint, she fails to state a claim against Commissioner Sullivan, and her ADA claim should be dismissed pursuant to Rule 12(b)(6).

**C.    Count Three: Baldwin's Persons with Disabilities Civil Rights Act claim should be dismissed.**

Baldwin also asserts a claim under Michigan's Persons with Disabilities Civil Rights Act ("PDCRA"), MICH. COMP. LAWS § 37.1101, *et seq*. Baldwin gives no reason why Michigan law should apply to a Texas state agency or its officials. There is none.

The powers and duties of the Commissioner of the Texas Department of Insurance are conferred by the Texas Insurance Code and Texas state law. TEX. INS. CODE § 31.021. TDI and DWC administer the worker's compensation system of Texas pursuant to the Texas Labor Code. TEX. INS. CODE § 31.002. And the Texas Labor Code governs liability proceedings such as the contested case hearings between Baldwin and Zurich. TEX. LABOR CODE § 410.002.

Further, while Baldwin currently resides in Florida (which does not support the application of Michigan law), the injury that formed the underlying basis for her worker's compensation claims: (1) occurred in Texas, (2) occurred while she was a Texas resident, (3) occurred while she employed in Texas, and (4) was treated by a doctor in Texas. Doc 6-1 at p. 12. No legal theory supports the application of Michigan law in the instant case,[8] and Baldwin's claims under Michigan's PDCRA must be dismissed as a matter of law.[9]

---

[8] *See generally Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003) (explaining Texas conflict-of-laws rules).

[9] Indeed, the Michigan statute at issue expressly defines public services as those owned, operated, or managed by the State of Michigan (or one of its subdivisions). *See* MICH. COMP. LAWS § 37.1301.

**D.    Any pleading amendment against TDI or DWC would be futile.**

As previously discussed, Baldwin did not name TDI or DWC as parties to this suit. Had she done so, her claims would still fail for the same reasons identified in this Motion.

For example, the official immunity Commissioner Sullivan enjoys stems from the sovereign immunity of TDI. *See Hafer*, 502 U.S. at 25 ("Suits against state officials in their official capacity therefore should be treated as suits against the State" and "the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses."). Accordingly, TDI or DWC retain the same Eleventh Amendment immunity for Baldwin's claims, and would be properly dismissed from this suit under 12(b)(1). And while Commissioner Sullivan is farther removed from any alleged facts, Baldwin also fails to state a claim under Rule 12(b)(6) against either TDI or DWC for the same reasons discussed herein.

Therefore, even had Baldwin's Complaint matched its caption, dismissal under Rules 12(b)(1) and 12(b)(6) would be appropriate.

**E.    The Complaint globally fails to state a claim for which this Court can grant relief.**

Finally, under its most liberal interpretation, the Complaint can be construed as merely expressing Baldwin's dissatisfaction with the results of her DWC contested case hearings. But even had Baldwin pled such a claim, it could not proceed in this Court, as (1) any defendant named here would not be a proper opposing party, and (2) it is barred by limitations.

First, only the insurance carrier (Zurich) would be the proper opposing party to a suit for judicial review of a DWC appeals panel decision under TEX. LABOR CODE § 410.252. *See Texas Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 812 (Tex. App.—Fort Worth 2006, no pet.)[10] And the proper forum for such suit would be in state court. *See* TEX. LABOR CODE § 410.252.

Next, any such suit is now barred by limitations. *See* TEX. LABOR CODE § 410.252 ("A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel."). Baldwin was mailed the last DWC Appeals Panel decision on January 17, 2017, Doc. 6-1 at p. 10, but did not file the instant suit until over a year later.  The deadline in § 410.252 is "mandatory and jurisdictional." *Burns*, 209 S.W.3d at 812; *Texas Workers' Comp. Com'n v. Hartford Acc. & Indem. Co.*, 952 S.W.2d 949, 952 (Tex. App.—Corpus Christi 1997, pet. denied) (accord).

Therefore, to the extent the Complaint can be read to seek judicial review of the DWC decisions, it is one that cannot proceed here.

## VI.    PRAYER

Defendant respectfully asks the Court grant this Motion and dismiss Baldwin's claims with prejudice.[11] Defendant prays that Baldwin take nothing by her suit.

---

[10] The term "opposing party" as opposed to just "party" is appropriate, as under TEX. LABOR CODE § 410.254, "the division shall be permitted to intervene in suits for judicial review." *See also ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554, 563 (Tex. App.—Fort Worth 1995, writ denied) ("The commission had the statutory authority to intervene in the case without the burden of showing that it had a 'justiciable interest' in the outcome of the proceeding.").

[11] Defendant is aware of Baldwin's Motion to consolidate this case with Cause No. 1:17-cv-00149-RP. Docs. 11 and 12. Defendant does not believe consolidation under FED. R. CIV. P. 42(a) is warranted given the instant Motion to Dismiss and that the docket sheet for Cause No. 1:17-cv-00149-RP indicates the case is closed.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief, General Litigation Division

*/s/ J. Seth Johnson*
J. SETH JOHNSON
Texas Bar No. 24083259
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
seth.johnson@oag.texas.gov
(512) 463-2120 PHONE
(512) 320-0667 FAX

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and served by Certified Mail, Return Receipt Requested upon the following individual:

Linda Baldwin
2301 N.W. 11th Court
Pompano Beach, Florida 33069

*/s/ J. Seth Johnson*
J. SETH JOHNSON
Assistant Attorney General

17