**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-00036-RP |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| INSURANCE, DIVISION OF | § | |
| WORKERS' COMPENSATION, and | § | |
| the OFFICE OF INJURED | § | |
| EMPLOYEE COUNCIL, Kent | § | |
| Sullivan, in his Capacity | § | |
|    *Defendants*. | § | |

---

### DEFENDANT TEXAS DEPARTMENT OF INSURANCE'S MOTION TO DISMISS PLAINTIFF'S AMENDED ORIGINAL PETITION

Defendant Texas Department of Insurance ("TDI") files this Motion to Dismiss Plaintiff's Amended Original Petition (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff in this case sought, and was apparently denied, worker's compensation benefits. *See generally* Dkt. 6. In response Plaintiff filed suit against the Texas Department of Insurance[1] ("TDI"), the Commissioner of Insurance Kent Sullivan, and the Office of Injured Employee Counsel ("OIEC"). *Id.*

Although TDI is named in the caption of this suit, it has not been named at all in the body of the suit, and Plaintiff has failed to make any claim against it. *Id.* In such instances the Court

---

[1] Although Plaintiff named TDI as a Defendant in the caption of this suit, she failed to level any claim against, or in fact even mention, TDI in the body of her Complaint. Defendant TDI has chosen to file this motion to dismiss to dispose of this case quickly and decisively despite the suit's deficiencies, which should compel this Court to conclude that TDI is not an actual defendant to this suit and dismiss it from the suit.

should conclude that this suit is not against TDI as the body of the Plaintiff's Complaint controls the parties to the suit. *See Abecassis v. Wyatt,* 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) ("Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties."); *Gartin v. Par Pharm. Companies, Inc*., 561 F. Supp. 2d 670, 678–79 (E.D. Tex. 2007) ("[T]he caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction.") (quoting 5A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1321 at 388–93).

Even should this Court conclude that TDI is a defendant in this suit, the Court should dismiss Plaintiff's suit against TDI pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Court lacks subject matter jurisdiction over this suit due to TDI's Eleventh Amendment immunity and should therefore dismiss the suit under Rule 12(b)(1). Additionally, Plaintiff has failed to state a claim on which relief may be granted so this Court should dismiss this suit under Rule 12(b)(6).

## II.   STATEMENT OF FACTS

Plaintiff Linda Baldwin suffered an injury in 2006 while employed as a Guest Service Registration Attendant by Extended Stay America. Dkt. 6-1 at 2, 3, 12. Among other things, TDI regulates the business of insurance in Texas and administers a workers' compensation system. *Id*. at § 31.022.

Plaintiff's allegations concerning the time period after her 2006 injury are unclear. But the extent of any interaction with TDI, DWC, and/or Commissioner Sullivan can be established through the documentary evidence either referenced by or attached to the Complaint.[2]

---

[2] On a Rule 12(b)(6) motion, a court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Plaintiff attaches to her Complaint excerpts from the decisions of the DWC hearing officer and Appeals Panel. Dkt. 6-1 at 8, 10, 28. Therefore, Defendant

Plaintiff participated as a party in two separate contested case hearings with the Division of Workers' Compensation ("DWC"). Dkt. 6 at 2, 4; Dkt. 6-1 at 8, 10, 28. The insurance carrier in each was Zurich American Insurance Company ("Zurich"). *Id*. The first contested case hearing was held on June 14, 2012, and was a combined hearing of two docket numbers. Dkt. 13-1 at 23. Baldwin appeared without representation. *Id*. at 24. A DWC hearing officer issued a decision and order on June 22, 2012 for the combined docket numbers (*id*. at 29) and on September 4, 2012, the DWC Appeals Panel issued separate opinions affirming the hearing officer's decision and order (*id*. at 4, 7, 10). The second contested case hearing was held on October 19, 2016, and Plaintiff appeared by phone and was assisted by an ombudsman. Dkt. 13-2 at 3–4. The hearing officer issued a decision and order that same day. *Id*. at 6. On January 17, 2018, the DWC appeals panel issued a letter opinion affirming the hearing officer's October 19, 2016 decision. *Id*. at 1. Plaintiff was informed of her right to seek judicial review of each Appeals Panel decision, *see* Dkt. 6-1 10; Dkt. 13-1 at 4, 7, 10; Dkt. 13-2 at 1, but did not do so.

The complaint contains no allegations regarding TDI whatsoever.

### III.   STANDARD OF REVIEW

Plaintiff's complaint must be dismissed if this Court lacks subject matter jurisdiction over Plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if Plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). The

---

TDI incorporates by reference the full documents, including any related mailings to Plaintiff, for the June 14, 2012, and October 19, 2016 listed as Dkt.13-1 and 13-2 respectively.

burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff must plead sufficient facts that "state a claim to relief that is plausible on its face" to avoid dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion to dismiss the court's considerations are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim referenced by the complaint." *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387. The court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### IV.   ARGUMENT AND AUTHORITIES

Plaintiff's suit against TDI, assuming such suit exists, should be dismissed for numerous reasons: Plaintiff failed to make any allegations against TDI in her complaint, Plaintiff lacks standing to bring this suit against TDI, TDI has Eleventh Amendment immunity from suit, and Plaintiff has failed to state a legal claim which would entitle her to any relief from this Court. Although a *pro se* plaintiff's complaint is held to a less stringent pleading standard, where the plaintiff has pled her best case the court may dismiss her suit with prejudice rather than allowing her to re-plead. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Plaintiff might be able to re-plead to remedy some

of her pleading errors, but she will not be able to defeat TDI's Eleventh Amendment immunity, therefore this Court should dismiss her suit with prejudice.

### A. Plaintiff has failed to actually initiate suit against TDI.

The caption of a case is not dispositive to determine who are the parties to a suit. *See Gartin*, 561 F.Supp.2d at 678-79 (finding one defendant whose name was in the caption was not a party to the suit where the plaintiffs failed to serve that defendant or make specific allegations against them in the body of the complaint.). Rather, the body of the complaint controls the suit, including who the parties are. *Abecassis*, 902 F.Supp.2d at 911 (citing *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964)).

Here, Plaintiff named TDI as a defendant in the caption of the suit, but neglected to make any allegation against, or even mention, TDI in the body of the suit. *See generally* Dkt. 6. This Court should therefore conclude that TDI has not actually been named in the suit and officially dismiss TDI from the suit.

### B. Plaintiff lacks standing to bring suit against TDI.

Standing is an essential component of subject-matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). To establish standing a plaintiff must show: (1) an injury-in-fact; (2) that is traceable to the defendant's challenged conduct (traceability); and (3) that is likely to be redressed by a favorable decision in the district court (redressability). *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *see also Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 585-86 (5th Cir. 2006). These elements are "an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). As such, the party seeking to invoke federal jurisdiction bears the burden of establishing all three elements. *Id*. If a party lacks standing to bring a claim, the court lacks subject-matter jurisdiction over that claim. *See Crane v. Johnson*, 783 F. 3d 244, 251 (5th Cir. 2015).

### 1. Plaintiff has not suffered a legal injury.

It appears Plaintiff's alleged injury is the denial of her worker's compensation benefits. *See generally* Dkt. 6-1. She alleges that this denial is a violation of her property rights, presumably the due process clause of the Fourteenth Amendment to the U.S. Constitution, via 42 U.S.C. § 1983. Dkt. 6 at ¶ 11. But, under Texas law, there is no vested property right to worker's compensation benefits. *See Wilson v. Tex. Workers' Comp. Comm'n*, No. 12–01–00337–CV, 2003 WL 22681793, at *6 (Tex. App.—Tyler Nov. 13, 2003, no pet.) (mem. op.) (holding TWC had immunity from § 1983 claim and that appellant did not have a vested property right in additional workers' compensation benefits); *Layton v. City of Fort Worth*, 02-14-00084-CV, 2014 WL 6997350, at *5 (Tex. App.—Fort Worth Dec. 11, 2014, pet. denied) (mem op.) (no vested property right, subject to due process protections, in disability benefits received under retirement fund). Additionally, Plaintiff received all the process to which she was legally entitled: she was given, and participated in, contested case hearings (*see supra* section II.), and she was informed of her right to appeal and declined to do so (*id.*). This is all that is required. *See* TEX. LABOR CODE § 410.252. Finally, Michigan law cannot provide a legal injury as a basis for a suit against a Texas state agency, where all the operative facts took place in Texas, in a court in Texas. *See infra* section IV.D.3. As such Plaintiff has not suffered a legal injury, thus she lacks standing to bring this suit and has not invoked this Court's jurisdiction. *See Friends of the Earth*, *Inc.*, 528 U.S. 167 at 180-81. Because this Court lacks subject matter jurisdiction over Plaintiff's suit, the suit should be dismissed. *See Crane*, 783 F. 3d at 251.

### 2. Plaintiff has pointed to no action by TDI that could have caused her any alleged injury.

As Plaintiff has failed to point to *any* action by TDI in her complaint, she has certainly not alleged any action by TDI that caused her alleged injury. For this reason, Plaintiff has not traced

her alleged injury to TDI's conduct and has therefore failed to establish this Court's subject matter jurisdiction over her suit. *See Friends of the Earth*, *Inc.*, 528 U.S. 167 at 180-81. Because this Court lacks subject matter jurisdiction over Plaintiff's suit, the suit should be dismissed. *See Crane*, 783 F. 3d at 251.

**C.  TDI has Eleventh Amendment immunity from Plaintiff's suit.**

The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

**1.  TDI has Eleventh Amendment immunity from Plaintiff's § 1983 claims.**

Eleventh Amendment immunity applies to a plaintiff's claims against a state or its agencies brought pursuant to Section 1983. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 341 (1979). Texas has not waived its federal court immunity from suit under civil rights statutes. *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Furthermore, it is established law that state entities have immunity from claims brought under Section 1983 because Congress has not specifically abrogated their immunity under that statute. *See, e.g., Quern*, 440 U.S. at 340-55. The Texas Department of Insurance is a state agency. TEX. LABOR CODE § 402.001; *also Pollard v. Texas Dep't of Ins.,* 40 F.3d 385 FN1 (5th Cir. 1994) *per curiam* (dismissing the plaintiff's Fourteenth Amendment complaints brought under § 1983 due to the Texas Department of Insurance's Eleventh Amendment immunity); *Harlan v. Texas Dep't of Ins.*, 2016 WL 3476914 at *2 (Tex.App –Houston[1st], June 23, 2016) (holding that the Texas Department of Insurance is a state agency entitled to sovereign immunity.). Because TDI has not waived its immunity from suit under Section 1983, and because Congress has not specifically abrogated such immunity in Section

1983, this Court lacks jurisdiction to hear Plaintiff's Section 1983 claims against TDI. *See Pollard*, 40 F.3d 385 FN1.

### 2. TDI has Eleventh Amendment immunity from Plaintiff's ADA claims.

Eleventh Amendment immunity also jurisdictionally bars Plaintiff's claims pursuant to Title II of the Americans with Disabilities Act ("ADA"). The Supreme Court has held that the abrogation of sovereign immunity in Title II is a valid exercise of congressional power only to the extent that it "applies to the class of cases implicating the fundamental right of access to court," *Tenn. v. Lane*, 541 U.S. 509, 533–34 (2004), and "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment," *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original).

Accordingly, courts examine the following elements on a claim-by-claim basis to determine whether Congress has appropriately abrogated a state's immunity from a Title II claim:

> (1) which aspects of the State's alleged conduct violated Title II;
>
> (2) to what extent such conduct also violated the Fourteenth Amendment; and
>
> (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.*; *see also Hale v. King*, 642 F.3d 492, 497–98 (5th Cir. 2011) (applying the three-part *Georgia* test to determine whether a Title II claim was barred by sovereign immunity).

No exception to immunity is found here. First, no conduct by TDI implicates Plaintiff's right of access to the courts. As previously noted, this is a right that Plaintiff has repeatedly exercised regarding the underlying set of facts in this case. And Plaintiff was informed of her right to judicial review of her contested case hearings. *See* Dkt. 6-1 at p. 10; Dkt. 13-1 at 4, 7, 10; Dkt. 13-2 at p. 1.

Nor can Plaintiff identify any conduct that would violate either Title II or the Fourteenth Amendment. *See Duncan v. Univ. of Texas Health Sci. Ctr. at Houston*, 469 F. App'x. 364, 367–68 (5th Cir. 2012) (mem op.) ("[I]f the conduct offends neither Title II nor the Constitution, then the suit must fail."). While her allegations are unclear, at best, Plaintiff merely appears to complain that she was denied worker's compensation benefits. But as previously discussed, no constitutional right to such benefits exists, and Plaintiff was given all due process required.

Thus, Title II of the ADA does not validly abrogate sovereign immunity from Plaintiff's claims. *See Simmang v. Tex. Bd. of Law Examiners*, 346 F. Supp. 2d 874, 882–83 (W.D. Tex. 2004) (concluding that because the challenged action did not affect a fundamental right but rather disability discrimination, the accommodation obligation imposed by Title II exceeded that imposed by the constitution and did not abrogate sovereign immunity); *Baker v. Univ. of Texas Health Sci. Ctr. at Houston*, No. H-08-1908, 2011 WL 1549263, at *4 (S.D. Tex. April 21, 2011) (holding that Title II did not validly abrogate sovereign immunity); *Zaragosa v. Dallas County*, No. 3:07-CV-1704-K, 2009 WL 2030436, at *12 (N.D. Tex. July 13, 2009) (holding that because the plaintiff had not demonstrated any violation of his constitutional rights, the ADA could not abrogate sovereign immunity); *Sims v. Tex. Dep't of Housing and Cmty. Affairs*, No. H-07-4511, 2008 WL 4552784, at *1 (S.D. Tex. Oct. 7, 2008) (holding that Title II did not validly abrogate sovereign immunity).

**D. Plaintiff has failed to state any claim for which relief can be granted.**

    **1. Plaintiff has failed to state a valid § 1983 claim against TDI.**

Plaintiff's Complaint provides no articulable factual basis to support a viable § 1983 claim. Dismissal is thus appropriate under Rule 12(b)(6).

As discussed above, Plaintiff fails to identify what conduct, if any, of TDI violated her constitutional rights. The documents attached to the Complaint establish that DWC merely held

contested case hearings, to which she and Zurich were parties, and rendered a decision. Such action is wholly within DWC's statutory authority. TEX. LABOR CODE § 410.168. And executive-branch officials (such as the hearing officers) acting in an adjudicative process are absolutely immune to suit. *Butz v. Economou*, 438 U.S. 478, 512 (1978); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 639 (5th Cir. 2000).

Moreover, TDI, as a state agency, is not a "person" against whom a plaintiff can bring a suit for money damages under § 1983. *Lapides v. Bd. of Regents of Univ. of Ga. Sys.*, 535 U.S. 613, 617 (2002). Therefore, at the very least, Plaintiff's claims for money damages against TDI arising out of § 1983 fail to state a claim on which relief may be granted.

In short, Plaintiff has not alleged sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Her § 1983 claim should therefore be dismissed.

### 2. Plaintiff has failed to state a valid ADA claim against TDI.

Plaintiff's ADA claim additionally fails under a Rule 12(b)(6) analysis. To state a prima facie case under Title II of the ADA, a plaintiff must allege:

> (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of her disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004).

Assuming arguendo Plaintiff is a qualified individual with a disability under the ADA, she does not identify what specific benefits or services she has purportedly been denied (or been denied because of a disability). Instead, she merely references "Defendant program services" or the "Program" generally. Dkt. 6 at ¶¶ 17–18. To the extent this could refer to the DWC dispute resolution process, she availed herself to those services, and her ADA claim is belied by her own

admission. Dkt. 6 at 2, 4. To the extent it refers to OIEC's Ombudsman program, *see* Dkt. 6 at ¶¶ 6–8, her ADA claim is only directed at OIEC.

Therefore, under either possible interpretation of Plaintiff's Complaint, she fails to state a claim against TDI, and her ADA claim should be dismissed pursuant to Rule 12(b)(6).

### 3. Plaintiff has failed to state a valid claim under Michigan law against TDI.

Plaintiff also asserts a claim under Michigan's Persons with Disabilities Civil Rights Act ("PDCRA"), MICH. COMP. LAWS § 37.1101, *et seq*. Plaintiff gives no reason why Michigan law should apply to a Texas state agency. There is none.

The powers and duties of TDI are conferred by the Texas Insurance Code and Texas state law. TEX. INS. CODE § 31.021. TDI and DWC administer the worker's compensation system of Texas pursuant to the Texas Labor Code. TEX. INS. CODE § 31.002. And the Texas Labor Code governs liability proceedings such as the contested case hearings between Baldwin and Zurich. TEX. LABOR CODE § 410.002.

Further, while Plaintiff currently resides in Nevada (which does not support the application of Michigan law), the injury that formed the underlying basis for her worker's compensation claims: (1) occurred in Texas, (2) occurred while she was a Texas resident, (3) occurred while she employed in Texas, and (4) was treated by a doctor in Texas. Dkt 6-1 at p. 12. No legal theory supports the application of Michigan law in the instant case,[3] and Plaintiff's claims under Michigan's PDCRA must be dismissed as a matter of law.[4]

---

[3] *See generally Vasquez v. Bridgestone/Firestone, Inc*., 325 F.3d 665, 674 (5th Cir. 2003) (explaining Texas conflict-of-laws rules).

[4] Indeed, the Michigan statute at issue expressly defines public services as those owned, operated, or managed by the State of Michigan (or one of its subdivisions). *See* MICH. COMP. LAWS § 37.1301.

## V.   CONCLUSION AND PRAYER

For the foregoing reasons, Defendant TDI prays that the court dismiss Plaintiff's claims against it, with prejudice, and grant all such further relief to which TDI may be entitled.

> Respectfully Submitted,
>
> KEN PAXTON
> Attorney General of Texas
>
> JEFFREY C. MATEER
> First Assistant Attorney General
>
> BRANTLEY STARR
> Deputy First Assistant Attorney General
>
> JAMES E. DAVIS
> Deputy Attorney General for Civil Litigation
>
> ANGELA V. COLMENERO
> General Litigation, Division Chief
>
> /s/   *Christine M.H. Smith*
> CHRISTINE M.H. SMITH
> Texas Bar No. 24088432
> Assistant Attorney General
> General Litigation Division
> P. O. Box 12548, Capitol Station
> Austin, Texas 78711
> T. (512) 463-2120
> F. (512) 320-0667
> Christine.Smith@oag.texas.gov
>
> *ATTORNEYS FOR DEFENDANTS TEXAS DEPARTMENT OF INSURANCE AND COMMISSIONER SULLIVAN*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of July 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and served by Certified Mail, Return Receipt Requested upon the following individual:

Linda Baldwin
9182 Brilliant Prairie Court
Las Vegas, Nevada 89149
*PLAINTIFF PRO SE*

                                                    /s/ *Christine M.H. Smith*
                                                    CHRISTINE M.H. SMITH